UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HASSAN ABPIKAR,<br><br>Plaintiff,<br><br>v.<br><br>BEATRIZ THOMAS, et al.,<br><br>Defendants. | Case No. 25-cv-02226-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED EARLY DISCOVERY**<br><br>Re: Dkt. No. 36 |

United States District Court
Northern District of California

Plaintiff Hassan Abpikar, who is representing himself, moves for leave to conduct limited early discovery to obtain the addresses of defendants Patricia and George Sandoval so that he may serve them with process. Dkt. No. 36. Defendants Beatriz Thomas and Sara Scott ("DMV defendants"), who have appeared in the action, have not opposed or otherwise responded to the motion, although they were given the opportunity to do so. *See* Dkt. No. 39. The Court finds this motion suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court denies the motion for leave, without prejudice.

I.     **BACKGROUND**

In his first amended complaint ("FAC"), Mr. Abpikar alleges a conspiracy between the DMV defendants, five other unknown DMV officers, and the Sandovals to steal Mr. Abpikar's possessions, track his location, search his phone, and provide false information that led to his arrest. *See generally* Dkt. No. 25. The FAC asserts ten claims against the Sandovals, including claims for assault, battery, conversion, theft, negligence, and conspiracy. *Id.* (claims 2, 5, 7-14).

The record reflects that Mr. Abpikar is currently a defendant in a criminal case filed against him in state superior court in Santa Clara County, *The People of the State of California vs.*

*Hassan Abpikar*, Case No. C2305851 (docket sheet accessible at

https://santaclara.courts.ca.gov/online-services/case-information-online). *See* Dkt. No. 25 ¶¶ 35, 69; Dkt. No. 36 at 2; Dkt. No. 36-1 ¶ 4. It is unclear whether the Sandovals are witnesses or victims in that case. *See id.*; Dkt. No. 28-1 at ECF 11, 23.

In his motion for leave, Mr. Abpikar states that he has been unable to obtain the Sandovals' addresses, which he requires in order to serve them with the operative complaint and summons. Dkt. No. 36 at 2, 3. He attests that he has asked a process server to locate their addresses, but the process server has been unable to do so. Dkt. No. 36-1 ¶¶ 2-3. He further attests that the addresses are known to the prosecutor who is prosecuting the criminal case against Mr. Abpikar, but that the prosecutor has refused to provide the addresses to Mr. Abpikar. *Id.* ¶ 4. Mr. Abpikar seeks leave to serve "limited subpoenas on [the] San Jose Police Department, requesting [1] Property intake / evidence logs; [2] Chain-of-custody records; [3] Incident reports [a]nd [4] Records identifying the individuals who surrendered Plaintiff's iPhone(s)." Dkt. No. 36 at 4. In the alternative, Mr. Abpikar seeks leave to serve "targeted interrogatories on . . . Defendant DMV officers Beatriz Thomas and Sara Scott, limited to [1] Identification of the civilian Defendants; [2] Last known addresses for service." *Id.*

## II.    DISCUSSION

Generally, a party may not obtain discovery "from any source" before conducting a Rule 26(f) conference, let alone before service of the summons and complaint. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). However, as Mr. Abpikar argues, where a party demonstrates good cause, a court may order early discovery. *See, e.g., Distinct Media Ltd. v. Doe Defendants 1-50*, No. 15-cv-03312 NC, 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015). In particular, where a plaintiff requires discovery in order to identify unknown defendants, early discovery may be appropriate. *See id.*; *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[S]ituations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given

United States District Court
Northern District of California

2

United States District Court
Northern District of California

an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Here, Mr. Abpikar does not require discovery to identify the Sandovals—they are already named as defendants in the FAC.  He requires discovery only of their addresses for purposes of service of process.

In evaluating whether a plaintiff establishes good cause for expedited discovery of defendants' identities, courts in the Ninth Circuit consider whether the plaintiff: (1) has identified the missing defendant with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court, (2) has described the previous steps taken to locate the missing defendant, (3) established that the action can withstand a motion to dismiss, and (4) demonstrated a reasonable likelihood that discovery will yield identifying information about the defendant that would make service of process possible.  *See Bungie, Inc. v. Thorpe*, No. 21-cv-05677-EMC (DMR), 2021 WL 5178825, at *3 (N.D. Cal. Nov. 8, 2021) (collecting cases); *Columbia Ins. Co.*, 185 F.R.D. at 578-80 (discussing relevant considerations).  Mr. Abpikar cites no support for his contention that courts, including the Ninth Circuit, "routinely" permit early discovery for the purpose of identifying and serving defendants. *See* Dkt. No. 36 at 2, 3.

In his motion for leave, Mr. Abpikar does not specifically address all of the relevant considerations described above.  While he has identified the Sandovals as defendants with specificity (i.e. by name and by their alleged roles in the events at issue), he has not established that his claims against them could withstand a motion to dismiss.  For example, the motion refers only very generally to Mr. Abpikar's allegations that the Sandovals "acted jointly with Defendant DMV officers in the events giving rise to this action," without further elaboration or discussion. *See* Dkt. No. 36 at 2.  Even if the Court assumes for purposes of this motion that Mr. Abpikar had adequately established that at least one of his claims against the Sandovals could withstand a motion to dismiss, he has not described the steps previously taken to identify the Sandovals' addresses for service.  Mr. Abpikar states only that the process server he has used in the past has

not been able to locate the Sandovals' addresses, *see* Dkt. No. 36-1 ¶ 2, and that the prosecutor in his criminal case has refused to provide this information to him, *see id.* ¶ 4. The motion does not explain, for example, what steps Mr. Abpikar's process server took, if any, to identify service addresses for the Sandovals.[1]

Finally, the Court considers whether the discovery Mr. Abpikar proposes is reasonably likely to yield the information he requires to effect service of process on the Sandovals. With respect to the proposed subpoena to the San Jose Police Department, the scope of discovery Mr. Abpikar seeks—property intake and evidence logs, chain of custody records, incident reports, and records identifying individuals who "surrendered [his] iPhone(s)"—far exceeds the information he requires—namely, the addresses of the Sandovals. However, Mr. Abpikar's proposed interrogatories to the DMV defendants appear to be limited to the "identification of" and "[l]ast known addresses for service" of the Sandovals. Thus, with respect to this consideration, the proposed interrogatories to the DMV defendants are at least tailored to what Mr. Abpikar says he requires. It is not entirely clear from the record whether the DMV defendants are likely to have this information, and the fact that they failed to respond to Mr. Abpikar's motion for leave makes this assessment unnecessarily difficult.

However, Mr. Abpikar's proposed discovery gives rise to a different concern that has not been adequately addressed. If, as the record suggests, the Sandovals are not only defendants in this civil action but also witnesses and/or victims in a pending criminal case in which Mr. Abpikar is the named defendant, the Court questions whether it may properly permit Mr. Abpikar himself to obtain their addresses. *See, e.g. Doe v. Cnty. of Solano*, No. 2:23-cv-00180 AC, 2023 WL 8878150 (E.D. Cal. Dec. 22, 2023) (ordering disclosure of victims' identities pursuant to protective order only to counsel for plaintiff). The Court appreciates Mr. Abpikar's representation that he would comply with an appropriate protective order limiting the use he may make of the address information, but ideally the Sandovals (or their counsel) would have an opportunity to be heard on this point before any such discovery is obtained from the DMV defendants and shared

---

[1] There is no declaration provided by the process server regarding these efforts.

directly with Mr. Abpikar.

**III.  CONCLUSION**

For the reasons explained above, the Court denies Mr. Abpikar's motion for leave to conduct limited early discovery, without prejudice to his filing a new motion that addresses the relevant considerations and the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated: January 30, 2026

Virginia K. DeMarchi
United States Magistrate Judge