United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

HASSAN ABPIKAR,

Plaintiff,

v.

BEATRIZ THOMAS, et al.,

Defendants.

Case No. 25-cv-02226-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF**

[Re: ECF No. 67]

Before the Court is pro se Plaintiff Hassan Abpikar's motion for relief. *See* ECF No. 67 ("Mot."); Fed. R. Civ. P. 60. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

### A. Complaint

In March 2025, Mr. Abpikar sued Defendants Jorge Sandoval, Patricia Sandoval, Sherry Scott, and Beatriz Thomas. ECF No. 1. After filing suit, Mr. Abpikar sought (and procured) leave to amend. *See* ECF Nos. 16, 19. He filed a first amended complaint in December 2025. ECF No. 27.

### B. Thomas and Scott

Two weeks later, Thomas and Scott moved to dismiss the first amended complaint. ECF No. 28. On May 22, 2026, the Court dismissed Mr. Abpikar's first amended complaint as to Thomas and Scott with leave to amend within 14 days. ECF No. 49. Mr. Abpikar moved for an extension, ECF No. 50, which the Court granted. The Court extended the deadline to file a second amended complaint to July 10, 2026, noting that "[n]o further extensions w[ould] be granted absent good cause." ECF No. 52.

United States District Court
Northern District of California

Mr. Abpikar then requested a further 90-day extension on the grounds that he was trying to obtain funds to hire an attorney. ECF No. 57. The Court gave him an extra thirty days. ECF No. 58. The Court also warned Mr. Abpikar that, should he fail to file an amended complaint by then, his claims "w[ould] be dismissed for failure to prosecute." ECF No. 58 at 1. Mr. Abpikar failed to meet the deadline. He also failed to attend the case management conference held on July 23, 2026. Accordingly, the Court dismissed with prejudice the claims against Thomas and Scott. *See* ECF No. 63.

### C. Patricia Sandoval

On September 11, 2026, the Court ordered Mr. Abpikar to file proof of service or show cause why Patricia Sandoval should not be dismissed for failure to effect timely service. *See* ECF No. 62. Mr. Abpikar failed to do so. Accordingly, the Court dismissed Patricia Sandoval with prejudice. *See* ECF No. 64.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from an order upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b).

## III. DISCUSSION

Mr. Abpikar seeks to vacate (1) the Court's order dismissing Scott and Thomas with prejudice (ECF No. 63); and (2) the Court's order dismissing Patricia Sandoval with prejudice (ECF No. 64). Mot. at 11. Mr. Abpikar also asks for 60 days to file a second amended complaint. Mot. at 11.

Mr. Abpikar claims that he did not "receive a mailed copy of" the Court's orders. *See* Mot. at 3. He claims that he had no knowledge of docket entries 58, 63, and 64 until he went to the Clerk's Office to procure hard copies on October 22, 2026. *See* Mot. at 3; *see also* ECF Nos. 58 (granting thirty-day extension to file second amended complaint), 63 (dismissing Thomas and Scott), 64

(dismissing Patricia Sandoval). Mr. Abpikar argues that these circumstances constitute excusable neglect. *See* Fed. R. Civ. P. 60(b)(1).

After the Court's initial extension, the second amended complaint was due on July 10, 2026. *See* ECF No. 52. Three days before the deadline, Mr. Abpikar moved for a 90-day extension. *See* ECF No. 57. The Court granted a 30-day extension. *See* ECF No. 58. But even if the Court granted the 90-day extension, the second amended complaint would have been due on October 8, 2026. To date, Mr. Abpikar has not filed a second amended complaint. So even if Mr. Abpikar did not receive by mail the Court's order granting a 30-day extension and assumed that his 90-day extension was granted, he ***still*** failed to file a timely second amended complaint by October 8, 2026.

Nevertheless, cognizant of Mr. Abpikar's pro se status and in the interests of justice, the Court will vacate its order dismissing Thomas and Scott with prejudice. Mr. Abpikar shall file a second amended complaint no later than 14 days after the date of this order. The Court finds that a 60-day extension is unreasonable. Mr. Abpikar has been on notice of his obligation to amend the complaint for almost six months.

The Court declines, however, to vacate its order dismissing Patricia Sandoval with prejudice. *See* ECF No. 64. The Federal Rules of Civil Procedure mandate service within "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). The Court "***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff "shows good cause for the failure." Fed. R. Civ. P. 4(m) (emphasis added). To date, Mr. Abpikar has not filed proof of service as to Patricia Sandoval or shown cause why his failure should be excused. Mr. Abpikar has been on notice of the mandatory requirements of Rule 4(m). And Mr. Abpikar does not contend that he did not receive the order directing him to show cause or file proof of service as to Patricia Sandoval. *See* Mot. at 2–4. To the extent that contention is implicit in the motion, the Court still discerns no excusable neglect or delay. Dismissal is mandatory under Rule 4(m) unless the plaintiff shows good cause, and here no good cause has been shown.

## IV. ORDER

For the foregoing reasons, it is ORDERED that:

(1) The motion for relief is GRANTED IN PART AND DENIED IN PART.

(2) The Court VACATES its order dismissing Thomas and Scott with prejudice (ECF No. 63).

(3) Mr. Abpikar SHALL file a second amended complaint no later than 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated: November 6, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California